WHEELER *v.* MEYER.[1]

1. ACTION ON BOND—EVIDENCE—SUFFICIENCY.

Testimony that an inventory was attached to a bond at the time of its execution by the principal, that the principal took the bond away with him in that condition for the purpose of obtaining the signature of the surety, and that, when he returned it with the surety's signature, the inventory was still attached to the bond, when taken in connection with the fact that the bond contained a reference to the inventory as "hereto attached," is sufficient to justify a finding that the inventory was attached to the bond when the surety signed it, even though several witnesses testify positively that it was not attached at that time.

2. SAME.

[1] In an action upon a bond given by a mortgagor to the mortgagee, conditioned that the former should account for the proceeds of the mortgaged property sold by him, the admission in evidence of the notes to secure which the mortgage was given is not error, where the only purpose of such evidence is "to establish the consideration and show the history of the transaction."

Error to Wayne; Frazer, J. Submitted January 15, 1896. Decided February 7, 1896.

*Assumpsit* by Russell Wheeler and another against

---

[1] Rehearing denied March 24, 1896.

Louisa Meyer and John F. Guilloz on a bond. From a judgment for plaintiffs, defendants bring error. Affirmed.

*Albert J. Chapman,* for appellants.

*Corliss, Andrus & Leete,* for appellees.

LONG, C. J. This case was before this court at the January term, 1893, reversed and remanded for new trial, and reported in 95 Mich. 36. It was again tried in the circuit court of Wayne county in October, 1893, and brought to this court and heard at the June term of 1894, was again reversed and remanded for new trial, and is reported in 101 Mich. 465. It has been again tried, and comes to this court upon writ of error by defendants. The facts have been so fully stated in the former opinions that it is unnecessary to restate them here.

The first objection relates to the admission of the bond and inventory in evidence, and counsel for defendants contends that there was no proof which authorized the court to permit them to be received in evidence, for the reason that the daughter of Mrs. Meyer testified that the inventory was not attached to the bond at the time Mrs. Meyer signed it. We think there was some testimony given by the plaintiffs which tended to show that the inventory was attached to the bond when Mrs. Meyer signed it. Judge Lillibridge testified that he drew the bond, and cut from one of the notices of sale the description or inventory of the property, and pinned the same to the bond, and that, when Mr. Guilloz signed the bond, this inventory was pinned to it, and Guilloz took it to get the other signature, and that when it came back to him it was signed by Mrs. Meyer, and the inventory was still pinned thereon. This, taken in connection with the fact that the bond recited that "therefore, if said John F. Guilloz shall well and truly take possession of said stock of goods and chattels, an inventory of which is hereto attached, marked 'Exhibit A,' and made a part hereof," is some evidence that the inventory was attached at the

time Mrs. Meyer signed her name. It is true that Mr. Guilloz also testified that the inventory was not attached, but the court submitted that question to the jury, as follows:

"This suit is brought upon this bond in question, and the principal question for you to determine is the liability of John F. Guilloz and of Mrs. Meyer upon this bond, and that is all the matter you are to adjust in this trial. It seems that one of the principal questions arising in the case is whether there was a certain paper attached to the bond at the time it was executed. It is claimed on the part of the plaintiffs in this suit that this bond was executed by John F. Guilloz, and at the time it was executed there was a certain paper, which was an inventory of the property, attached or pinned to the bond, and it is claimed that that inventory was pinned to the bond at the time it was delivered to John F. Guilloz, and that Guilloz took the bond with that paper pinned to it, and returned it with the signature of Mrs. Meyer to it. Mrs. Meyer claims that, at the time she executed this bond, this paper was not pinned to the bond at all, but that she signed it at the request of her son-in-law, Mr. Guilloz, and that she did not know or read or understand the contents of this paper, and that it was not pinned to the bond at all. When you come to deliberate on this case, one of the questions for you to determine is whether this exhibit,—'A,' I believe, is the title of it, but at any rate you will know it by being an inventory or a list of property that was claimed to be turned over to John F. Guilloz, and for which he was to account under the terms of this bond,—you are asked to decide whether this paper was attached to the bond at the time it was signed by Mrs. Meyer. The law of the case, as I understand it, is this, in regard to that particular: If you shall find that this paper was attached,—whether you shall find that this paper was attached or not to the bond, John F. Guilloz is liable in this action for a proper disposition of this property under the bond, for all this property,—but if this paper was attached to the bond at the time Mrs. Meyer signed it, then Mrs. Meyer is liable for the proper disposition of the property described in this inventory Exhibit A; but if it was not attached to the bond at the time she signed it, then she is only liable under this bond for such property as was actually turned over to John F. Guilloz.

She is not liable for any property that was not turned over to John F. Guilloz, if she did not know the contents of this paper and it was not attached to the bond at the time she signed it."

We think this was a fair submission of the question to the jury.

It is contended, further, that three certain notes should not have been admitted in evidence. A bill of sale was executed by Guilloz Bros. to plaintiffs December 27, 1888, and given to secure the payment of these notes. When the notes were offered in evidence, counsel stated that they were offered "simply for the purpose of establishing the consideration and of showing the history of the transaction." The court admitted them for that reason, and no other. We see no error in this.

We have examined the other assignments of error and the charge of the court with much care, and are of the opinion that the case was tried substantially upon the theory set out in the former opinions, and in accordance with the rules there stated. The charge of the court fully protected the rights of the defendants, and was open, full, and fair in all respects.

We find no error in the record, and the judgment must be affirmed.

The other Justices concurred.